STEAM-GAUGE & LANTERN Co. and another *v.* ST. LOUIS RY. SUPPLIES MANUF'G Co.[1]

*(Circuit Court, E. D. Missouri.  December 13, 1886.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—LANTERNS.
  Lanterns constructed according to the specification of letters patent No. 246,774, granted to Joseph Heith for an improvement in lanterns, do not infringe either letters patent No. 104,318, granted June 14, 1870, to John H. Irwin, for an improvement in lanterns, or letters patent No. 151,703, granted June 9, 1874, to the same person, for an improvement in lamps.

In Equity.

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

Suit for the alleged infringement of letters patent No. 104,318, granted June 14, 1870, to John H. Irwin, for an improvement in lanterns, and letters patent No. 151,703, granted to the same person, June 9, 1874, for an improvement in lamps. The defendant's lantern is constructed in accordance with the specification of letters patent No. 246,774, granted September 6, 1881, to Heith.

*B. F. Thurston, E. S. Jenny,* and *Hough, Overall & Judson,* for complainants.

*Paul Bakewell* and *J. G. Chandler,* for defendant.

TREAT, J. This case has been kept under consideration, not from any intrinsic difficulty, but in the expectation that many other cases involving like controversies might be presented, so that all of them might be determined without needless repetition. Inasmuch, however, as that result cannot be effected, it becomes the duty of the court to decide the only case now submitted to it. There is really no question as to the validity of the patents on which complainants rest their demand. The original conception by Irwin looked to the use of an ascensive current from the globe, with a supply of atmospheric air which would feed the air cup. This arrangement would prevent the extinguishment of the flame by puffs of air, vertically or otherwise, and still preserve a fresh supply of air to the burner. It is obvious, however, that that plan caused the partially-consumed air to enter into the feed supply, thus diminishing its requisite force. The problem was to have in a globe lantern the ascensive current operate with an injector, so as to feed the flame by an irreversible current. It having been ascertained that the object to be effected could not thus be accomplished, patent No. 104,-318, dated June 14, 1870, was obtained. That patent specified an annular chamber, with fresh-air inlets as described therein. In it the ascensive current is discharged into the open air with deflecting plates, to prevent the extinguishment of the flame in the globe. It is supposed by the patentee that the fresh-air supply below the annular chamber, in its connection with the deflecting plates of the hot-air discharge, should occupy relative distances each to the other. The annular chamber, with its relative distances as to the air discharge and the cold-air feed, seems, in the progress of the art, to have been deemed not essential. Hence a new patent was had, viz., No. 151,703, dated June 9, 1874, for an open-air supply, disconnected from an annular chamber, with an injector at the end of each tube.

It is obvious that all these experiments by Irwin and others looked to two results: *First,* the non-extinguishment of the light in the lantern by vertical or lateral puffs; and, *second,* by a full supply of fresh air to feed the flame, while its non-extinguishment was secured. The first patent, No. 89,770, dated May 4, 1869, not being effective, the second patent, No. 104,318, dated June 14, 1870, was obtained, with its annular chamber; and, that not being practically operative, patent No. 151,703, dated June 9, 1874, was had. Without disputing the validity of the aforesaid patents, this court is called upon to decide whether the defend-

ant's devices infringe upon either the first claim of patent No. 104,318, or the first and second claims of patent No. 151,703. Certainly, the defendant's lantern does not have the annular chamber. The devices by defendant to effect the desired end are mechanically and otherwise entirely distinct from complainants' patents. Hence, as complainants' right of action depends upon the infringement by the defendant of their patented devices, it becomes necessary to ascertain whether the defendant's devices are mechanical equivalents of the complainants'. There may be many modes of effecting a desired result, and each patent, like these, must rest on their mechanical devices therefor. The two ends to be sought were the non-extinguishment of the flame through the globe while the lantern was oscillated, and at the same time furnish a full air supply for the flame. As already indicated, Irwin received patents for devices to effect those ends. The defendant, however, uses none of those devices; it effects the desired result by other and different methods from those indicated in the complainants' respective patents. Hence the cause is dismissed.